United States District Court
Southern District of Texas
**ENTERED**
June 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVARO PRETEL GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00032 |
| | § | |
| CHARLEY VALDEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 11). The M&R recommends that Plaintiff's 42 U.S.C. § 1983 claim against Defendant in his individual capacity be **DISMISSED with prejudice** as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). *Id.* at 1. Plaintiff timely filed written objections to the M&R.[1] (D.E. 13).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In objecting, Plaintiff essentially re-urges his § 1983 claim, which asserts a violation of the Fourteenth Amendment's Equal Protection Clause. (D.E. 13); *see* (D.E. 1; D.E. 10). Plaintiff's objection, however, still fails to explain how Plaintiff (an inmate serving a life sentence) is similarly situated to inmates who are serving two-year sentences or how any other action by state officials violates his equal protection rights. *See*

---

[1] Plaintiff was served the M&R on May 23, 2023. (D.E. 12). Less than fourteen days thereafter, Plaintiff filed his written objections. *See* (D.E. 13).

(D.E. 13); *see also* (D.E. 11, p. 6) (stating this is a reason Plaintiff's claim fails). Plaintiff specifically takes issue with the M&R's comparison of Plaintiff's equal protection claim to the plaintiff's equal protection claim in *Ogles v. Wingate*, No. A-16-CA-978, 2016 WL 4597640 (W.D. Tex. Sept. 1, 2016). (D.E. 13, p. 4–5). Plaintiff argues his equal protection claim is different from that of the *Ogles* plaintiff because unlike the *Ogles* plaintiff, whose claim concerned 3g and non-3g offenses, Plaintiff's claim concerns all 3g or other aggravated offenses. *Id.* at 4. Plaintiff asserts that all inmates who commit these offenses are similarly situated to Plaintiff. *Id.* at 4–5. But despite this contention, as the M&R points out, Plaintiff does not allege that any of the unidentified inmates who supposedly received more favorable treatment were convicted of a similar 3g or any first-degree felony offense. *See* (D.E. 11, p. 9).

In sum, the Court has made a de novo review of the portions of the M&R to which Plaintiff objected and agrees with the reasoning and findings set forth in the M&R. As such, the Court:

    (1) **OVERRULES** Plaintiff's objections in their entirety, (D.E. 13);

    (2) **ADOPTS** the M&R in its entirety, (D.E. 11); and

    (3) **DISMISSES with prejudice** Plaintiff's claim against Defendant as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), (D.E. 1).

A final judgment shall be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
    June 12, 2023