Case 2:23-cv-00032   Document 17   Filed on 08/09/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVARO PRETEL GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00032 |
| | § | |
| | § | |
| CHARLEY VALDEZ, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion by Plaintiff Alvaro Pretel Gomez, proceeding *pro se*, for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) in his § 1983 civil case and for leave to file an amended complaint. (Doc. No. 16.) Plaintiff's motion should be denied.

### A. Jurisdiction.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. Background: Plaintiff's § 1983 action.

Plaintiff is a prisoner in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff sued Charley Valdez, Program Supervisor III of the TDCJ Classifications and Records Office ("Supervisor Valdez"), in his individual capacity. (Doc. No. 1, p. 2.) Plaintiff claimed that his Fourteenth Amendment equal protection rights were violated by Supervisor Valdez's

alleged failure to apply accrued good-conduct time credits to Plaintiff's parole eligibility date for his first-degree felony offense in the same manner as Supervisor Valdez has allegedly done for inmates serving two-year sentences for second-degree felony offenses. *Id*. at 3. Plaintiff sought declaratory and monetary relief. *Id*. at 6.

On April 6, 2023, the undersigned directed Plaintiff to file a more definite statement, so that the Court could properly evaluate the merits of his allegations against Supervisor Valdez. (Doc. No. 8.) On May 5, 2023, the Court received Plaintiff's more definite statement. (Doc. No. 10.) On May 16, 2023, the undersigned file a memorandum of recommendation, recommending that the district court dismiss Plaintiff's claim with prejudice as frivolous or for failure to state a claim upon which relief can be granted. (Doc. No. 11, p. 10.) On June 12, 2023, the district court adopted the memorandum and recommendations. (Doc. No. 14.) On that same day, the district court entered final judgment and terminated Plaintiff's case. (Doc. No. 16.) Subsequently, on August 2, 2023, Plaintiff filed this motion for relief from judgment. (Doc. No. 16.) Plaintiff also requests that the court grant leave for Plaintiff to file an amended complaint. *Id*. This motion is now pending before the Court.

### C. Discussion.

Plaintiff's motion is a request for relief from the already-entered final judgment under Federal Rule of Civil Procedure 60(b)(1). (Doc. No. 16, p. 1.) Plaintiff's argument is that he made a "mistake in formulating his equal protection claim which he corrects" in the amended complaint that he has attached to his motion. *Id*. at 2.

### 1. Law.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding: "On motion and just terms, the court may relieve a party ... from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ….." Fed. R. Civ. P. 60(b)(1).[1]  Relief under Rule 60(b) is considered an extraordinary remedy, to which "a [movant] must show unusual or unique circumstances and not merely a disagreement with the court's decision." *Troy W. Simmons, D.D.S., P.C. v. Smith*, No. 6:17-CV-557-RWS-KNM, 2020 WL 12991136, at *1 (E.D. Tex. Aug. 10, 2020) (citation omitted).  The "desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (cleaned up).

"[T]he purpose of a Rule 60(b)(1) motion is to cure 'an obvious error of law, apparent on the record,' such as 'a fundamental misconception of the law or a conflict with a clear statutory mandate.'" *Simmons v. Jackson*, No. 3:15-CV-01700-S-BT, 2018 WL 6252549, at *4 (N.D. Tex. Nov. 7, 2018), *adopted*, 2018 WL 6250997 (N.D. Tex. Nov. 29, 2018), and *aff'd*, No. 19-10904, 2021 WL 3854779 (5th Cir. Aug. 27, 2021) (quoting *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001)).  A party "cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment.  Instead, he must make some showing of why he was justified in failing to avoid mistake or inadvertence.  Gross carelessness is not enough.  Ignorance of the rules is not enough, nor is ignorance of the law." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (citation omitted).

"The burden of establishing at least one of the Rule 60(b) requirements is on Plaintiff as the movant, and the determination whether that burden has been met rests within the discretion of the court." *Harrison v. Baylor Univ. Med. Ctr.*, No. 3:17-CV-2082-D (BT), 2018 WL

---

[1] Plaintiff cites only Rule 60(b)(1) as the basis for his request for relief from judgment; he does not seek relief from judgment under any other provision of Rule 60.

7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted sub nom. Harrison v. Baylor Univ. Med. Ctr. at Dallas*, 2019 WL 202325 (N.D. Tex. Jan. 15, 2019) (citations omitted).

### 2. Analysis: Plaintiff does not meet his Rule 60(b)(1) burden.

Here, Plaintiff's Rule 60(b)(1) motion relies on Plaintiff's own purported mistake, not of any mistake within the final judgment or any error of law. *See* Doc. No. 16, p. 2. Relief from judgment under Rule 60(b)(1) based on a movant's own mistake is reserved for situations where the movant makes a sufficient showing of unusual or unique circumstances justifying such relief. *See Hendrix v. iQor, Inc.*, No. 3:20-cv-00437, 2020 WL 8513708, at *2 (N.D. Tex. Dec. 29, 2020) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)), *adopted*, 2021 WL 665860 (N.D. Tex. Feb. 19, 2021).

Plaintiff makes no attempt at any such showing here. Indeed, Plaintiff does not specify even what his "mistake" is. Instead, he attaches a proposed amended complaint, leaving the undersigned to sift through that amended complaint and discover Plaintiff's alleged mistake. In fact, the undersigned has indeed reviewed Plaintiff's proposed amended complaint in its entirety, and has not discerned any "mistake" Plaintiff might have made in his original complaint, or any correction to any such mistake. Rather, Plaintiff simply repeats the same claims that the Court has already thoroughly addressed and rejected.

Although it is true that courts should freely grant leave to amend complaints when justice so requires, *see* Federal Rule of Civil Procedure 15(a)(2), justice does not require that a court allow such leave when the court finds that there was undue delay in seeking the proposed amendment and that the movant has failed to cure the deficiencies of his original complaint. *See Harkless v. Brazoria Cnty.*, No. 3:14-CV-329, 2016 WL 4411552, at *3 (S.D. Tex. Aug. 17,

2016) (Hanks, J.) (denying plaintiff leave to file an amended complaint after final judgment because of undue delay, dilatory motive, and failure to cure deficiencies).

Here, the only possibly "new" information that Plaintiff mentions is a new argument – a contention that the phrase "calendar years" cannot have more than one meaning in a single statutory provision. (Doc. No. 16, p. 7.) Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the movant merely advances a new argument which was available for presentation at the time of the original argument. *See United States v. Fisher*, No. 3:04-cr-172, 2009 WL 10702909, at *2 (N.D. Tex. Feb. 18, 2008) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

Even if Plaintiff's new assertion about the phrase "calendar years" were true (a question unnecessary to address here), it is not relevant to the reasons for the Court's dismissal of Plaintiff's claim, and it does not correct any of the deficiencies in Plaintiff's original complaint. Plaintiff still has not named any similarly situated inmates, and he has not identified how any similarly situation inmate was treated more favorably than he – these are fatal flaws in Plaintiff's equal protection claim. *See* Doc. No. 11, pp. 8-10. Thus, Plaintiff's claim remains frivolous and fails to state a claim upon which relief can be granted, *see id*. at 10, and his proposed amendment would be futile.

### D. Conclusion and recommendations.

The district court should DENY Plaintiff's motion for relief from judgment (Doc. No. 16) because Plaintiff has not met his burden of showing such relief is warranted. The district court should DENY Plaintiff's request for leave to file his amended complaint.

*E. Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 9, 2023.

MITCHEL NEUROCK
United States Magistrate Judge