Case 2:23-cv-00032 Document 21 Filed on 03/12/24 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVARO PRETEL GOMEZ, | § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00032 |
| | § | |
| CHARLEY VALDEZ, | § § | |
| Defendant. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 17). The M&R recommends that the Court deny Plaintiff's motion for a relief from judgement, (D.E. 16), and request for leave to file amended complaint, *id.* at 2–9. (D.E. 17, p. 5). Plaintiff has filed written objections to the M&R. (D.E. 19).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections to the M&R appear to be substantively the same as his argument advanced in support of his amended complaint—that the phrase "calendar year" must have the

---

[1] Plaintiff's objections were due August 30, 2023. *See* (D.E. 17, p. 12); (D.E. 18). Although Plaintiff's objections were not filed in the Court's docketing system until September 5, 2023, *see* (D.E. 19), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's objections certify that Plaintiff wrote his objections placed his objections in the mail "postage prepaid," on August 28, 2023. (D.E. 19, p. 5–6). As such, Plaintiff's objections were timely filed, and the Court must consider them.

same meaning in various statutory provisions, given Texas Court of Criminal Appeals caselaw. (D.E. 19 p. 3–4); (D.E. 17, p. 5) (noting the calendar year statutory interpretation argument).

The M&R notes that in Plaintiff's amended complaint, Plaintiff fails to allege similarly situated inmates. (D.E. 17, p. 5). In his objections, Plaintiff counters that "[c]ommon sense tells . . . that there are inmates [who are both similarly situated to Plaintiff and have been treated differently than Plaintiff]." (D.E. 19, p. 2). Even assuming that is true, as the M&R states, Plaintiff gives no reason as to why he satisfies his Federal Rule of Civil Procedure 60(b) burden. *See* (D.E. 17, p. 2–3); (D.E. 19). Rule 60(b) allows for relief from final judgment when "mistake, inadvertence, surprise, or excusable neglect" exists. *See* FED. R. CIV. P. 60(b). But chinning the Rule 60(b) bar requires that the movant show "unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) (citations omitted). And this Court is bound by the Fifth Circuit's instruction regarding the Rule 60(b) standard. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 790 (5th Cir. 2021). As such, given that the Fifth Circuit has mandated "caution in reopening judgments" to ensure a predictable judicial process, *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (internal citations and quotations omitted), the Court finds that Plaintiff fails to show that he is entitled to relief from the already-entered final judgment in this case.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 19), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 17). Accordingly, the Court **DENIES** Plaintiff's motion for a relief from judgement. (D.E. 16).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
       March 12th, 2024